**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Zoraida Valentín González **PLAINTIFF** | CIVIL NO. 18-cv- 1612 |
| VS. | |
| Cooperativa de Seguros Múltiples de Puerto Rico; Angela Vera Nuñez **DEFENDANTS** | TORTS PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT**:

COMES NOW **Plaintiff**, through their undersigned counsel, and respectfully STATE, ALLEGE AND PRAY:

### I. THE PARTIES

1. Plaintiff, Zoraida Valentín González, is of legal age and a citizen of the state of Connecticut within the meaning of 28 U.S.C. §1332, hereinafter "Zoraida".

2. Defendant, Angela Vera Nuñez, hereinafter Angela, is of legal age and citizen of the Commonwealth of Puerto Rico and is the owner and driver of vehicle that hit Zoraida's car.

3. Defendant, "Cooperativa de Seguros Múltiples de Puerto Rico" is an insurance company, which at the time of the facts alleged in this Complaint had in full force and affects an insurance policy covering the damages alleged in this Complaint, hereinafter "CSM".

4. The citizenship of the Plaintiffs is completely diverse to the citizenship of each of the co-defendants.

## II. NATURE OF THE ACTION JURISDICTION AND VENUE

5. This is an action to recover personal damages, which the co-defendants inflicted upon the Plaintiffs because of their negligent acts and/or omissions.

6. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation under and pursuant to Section 1332 of Title 28 of the United States Code, 28 U.S.C. §1332, since there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy, exclusive of costs and interest, exceeds the amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

7. Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

8. Plaintiff requests a jury trial for all issues so triable.

9. The following laws are invoked: The Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §5141 and 5142 ("Article 1802 and 1803"), P.R. Laws Ann. tit. 9 L.P.R.A. § 5621 and applicable jurisprudence.

## III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On April 13, 2017, an accident occurred between defendant's motor vehicle and Zoraida's motor vehicle.

11. The accident occurred on Road Number 111, Km 11.6, at Moca, Puerto Rico.

12. Zoraida was driving her vehicle in Road Number 111, directly behind Zoraida's vehicle was the defendant Angela's vehicle.

13. The Defendant, Angela, negligently operated, maintained and controlled of her

vehicle by failing to come to a stop behind the plaintiff so as to cause her vehicle to collide into the back (rear end collision) of the vehicle being operated by Zoraida.

14. The previously mention rear end collision caused Zoraida's car to hit the vehicle in front of her.
15. The rear end collision was so severe that Zoraida had to be transported in ambulance to nearest hospital.
16. The aforementioned accident was caused by the negligence of defendant who was reckless and negligent, failing to:
    a. Failure to keep distance between vehicles as required by 9 L.P.R.A. § 5290
    b. Failure to keep vehicle under control;
    c. Failure to give full time and attention;
    d. Failure to keep a proper lookout;
    e. Failure to reduce speed to avoid collision;
    f. Unreasonable operation of a vehicle under conditions existing;
    g. Failure to obey traffic laws;
    h. Negligent driving;
    i. Reckless driving;
17. As a result of the aforementioned accident, Zoraida suffered multiple traumas and injuries in different parts of her body.
18. Zoraida since the accident is receiving medical treatment.
19. Defendant, CSM Insurance Company is liable for the negligent acts of their insurer and/or omissions.

20. Plaintiff on a timely fashion tolled the applicable statute of limitation with an extrajudicial claim. Said extrajudicial claim the parties duly engaged in negotiations, unfortunately said negotiations did not culminate in an acceptable settlement, then a judicial action followed by filling a complaint in the Commonwealth of Puerto Rico's Superior Court of Aguadilla, case number A DP2017-0051. During the course of litigation, a partial settlement for Zoraida's (property) car damage was reached, but not for her remaining damages.

21. On June 6, 2018, Zoraida filed a motion in the Court of Aguadilla informing the Court that she moved to the State of Connecticut and requested to a voluntary dismissal of her claims without prejudice. On June 22, 2018, the Court of Aguadilla granted her request, without imposing cost or attorney fees. The present judicial action followed.

### IV. FIRST CAUSE OF ACTION (Zoraida's Damages)

22. Plaintiff, Zoraida, reproduces and reaffirm, as if alleged herein, each and every one of the preceding allegations.

23. As a result of the aforementioned car accident, Plaintiff Zoraida, has suffered profound moral damages, loss of income, loss of use of her car, medical expenses, emotional anguish, loss of enjoyment of life, physical and psychological injuries, and permanent physical impairment.

24. According to Dr. Héctor M. Cortés Santos' opinion Zoraida, as a result of this incident, suffers from 6% total whole person impairment is adjudicated in this case pursuant to the American Medical Association Guidelines, Sixth Edition.

25. The accident has caused Zoraida to suffer unbearable, excruciating and

continuous pain, and special damages, therefore claims compensatory damages in an amount of not less than five hundred thousand dollars ($500,000.00).

## V. SECOND CAUSE OF ACTION (Interest, Attorneys Fees and Other Expenses)

26. Plaintiffs reproduce and reaffirm, as if alleged herein, every one of the preceding allegations.

27. Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is obstinate in fomenting litigation and/or protracting litigation, or refusing to recognize an obligation, is liable for reasonable attorney's fees.

28. Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is adjudged obstinate is also liable for pre-judgment interest from the date of the filing of the claim.

29. The defendants have been obstinate in that, although they have been on notice of the nature and extent of the damages suffered by the plaintiffs, they have taken no action on the matter and had, in fact, fomented this litigation.

**WHEREFORE**, plaintiffs respectfully request that this Honorable Court enter Judgment for the plaintiffs granting them the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED** in Ponce, Puerto Rico, on August 28, 2018.

PO Box 7500
Ponce, P.R. 00732
Tel. (939) 250-0179
Cel. (787) 616-9374
Fax 1(800) 325-7084
Email: eliaslaureano@gmail.com

By: **S/Elias L. Fernandez-Perez**
Elías L. Fernández Pérez
USDC 227404